W. M. CRUZAN v. J. H. WALKER, LAND COMMISSIONER, ET AL.

Motion No. 9026. Decided April 9, 1930.
(26 S. W., 2d Series, 908.)

R. J. *Randolph,* for relator, cited Rev. Stats., Art. 5326; Huggins v. Robison, 10 S. W., 2d Series, 710.

It is the contention of relator that under the facts of the case the reinstatement of the former owner was unauthorized for the reason he had lost his right to have his claim reinstated on account of the permit which had been issued on the half section of land, and having lost such right the subsequent termination of the intervening rights under the permit, did not have the effect to revive such rights or renew the State's offer to reinstate him on his claim, and the reinstatement herein did not take the land off the market or place it beyond relator's application for an oil and gas permit.

Mr. Justice Greenwood delivered the opinion of the court.

The relator invokes the original jurisdiction of the Supreme Court to compel the Land Commissioner to issue to him a permit for development of oil and gas in the S. W. half of section 28, block B-29, of the public school lands in Ward County.

On January 2, 1907, the above named section of land, having been surveyed, with field notes filed and approved, and having been classified and appraised, was duly awarded as dry grazing land at $2.50 per acre to Frank C. Green. Green received in March, 1920, a certificate of three years occupancy. Green and wife subsequently conveyed the section to R. O. Potts, who later conveyed the N. E. half of the section to Read and Simmons, and the original purchase obligation was relieved to that extent. R. O. Potts having defaulted in the payment of interest, the Land Commissioner, on September 22, 1925, duly declared and entered a forfeiture of the sale to Green and his assign of the S. W. half of said section. While the land stood thus forfeited, on December 9, 1925, T. H. Barrow filed with the county clerk of Ward County an application to prospect and develop same for oil and gas. Within 30 days the application of Barrow was filed in the Land Office, accompanied by all necessary affidavits and payments, and thereupon, on January 25, 1926, the Land Commissioner issued to Barrow a valid mineral permit covering said half section. After all interest under the permit to Barrow had passed to others, on April 4, 1928, the Land Commissioner regularly declared and entered a forfeiture of the permit for failure to begin development within the time prescribed by law.

Thereafter, on April 4, 1928, R. O. Potts, having paid all delinquent sums, and having made request therefor, the Land Commissioner reinstated his claim as purchaser under the award to Green, entering a renewal of Pott's obligation. On December 26, 1929, the relator filed with the county clerk of Ward County an application to prospect for oil and gas on this land, and presented same with affidavits, etc., to the Land Commissioner, who rejected same on January 24, 1930, on the ground that the land had been sold and that the oil and gas was no longer subject to sale by the State.

The contention for relator is that the rights of third persons have intervened so as to terminate the right of the assign of the original purchaser to a reinstatement of his title under article 5326 of the Revised Statutes. The question thus raised is of such importance as to call for its careful determination by the Supreme Court.

Since 1897, our statutes have provided:

"In any case where lands have been forfeited to the State for the non-payment of interest, the purchasers, or their vendees, may have their claims reinstated on their written request, by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third parties have intervened." Acts 1897, Chapter 129, page 185; 10 Gammel's Laws of Texas, page 1239; Art. 5326, 15 Vernon's Annotated Revised Civil Statutes, 1925.

Before the statute was four years old, the Supreme Court announced that the history and purpose of its enactment required that it be interpreted with the utmost liberality in favor of the former owner seeking reinstatement of his purchase. In so construing the statute, the court declared that in order for an intervening right to defeat reinstatement it must be a vested right enforceable in a court proceeding. Anderson v. Neighbors, 94 Texas, 240–242. The decision in this case is re-affirmed in the case of Mound Oil Co. v. Terrell, 99 Texas, 629.

The very question raised by relator was presented to the Supreme Court, under briefs of eminent counsel, on application for writ of error in the case of Gulf Production Co. v. State, 231 S. W., 124. In refusing the application, on March 1, 1922 (25 Texas & Southwestern Digest, page 28,446), the Court necessarily approved the following portion of the opinion of the Court of Civil Appeals, viz.:

"Appellees contend, also, that the right of Kidd to reinstate his purchase was lost to him by reason of the fact that after the forfeiture, and before the reinstatement, one V. Griffin purchased the land in question; that although Griffin did not complete his purchase by actually settling on the land, and voluntarily abandoned the land, the sale to Kidd, nevertheless, could not lawfully be reinstated, since Griffin's purchase was such an intervening right of a third person as would bar the reinstatement. The facts showed that after the Kidd forfeiture Griffin applied to purchase the land as mineral land at $6 per acre; that the application was accepted and the land awarded to Griffin. At that time the applicant was required by the statute (articles 5408, 5410) to actually settle on the land within 90 days from the date of the application, and within 30 days after the expiration of the 90-day period file in the Land Office an affidavit showing such settlement, and that forfeiture should follow the failure either to settle or to file the affidavit. Griffin, however, instead of settling on the land, abandoned it, made no settlement thereon, filed no affidavit of settlement, and subsequently wrote the Commissioner, advising that he had found the land to be "worthless," and that the sale to him could be marked forfeited, which was done, whereupon, upon request, and the payment of back due interest, the Kidd sale was reinstated. Appellees contend that the Griffin transaction was such intervening right of a third person as absolutely destroyed the right of Kidd to reinstate. The provision in the statute for reinstatement is that such reinstatement may be made, "provided that no rights of third parties may have intervened," and appellees contend that this phrase contemplates any right that accrued at any time while the original sale was in suspense, even though such right was but momentary and had ceased to exist, and was unenforceable at the time reinstatement was sought; that it did not contemplate only such rights of third parties as were existing and enforceable at the time the reinstatement of the original sale was sought. But we think this construction of the statute is strained and unreasonable, and was not in contemplation of the Legislature which enacted it. We think rather, that the Legislature had in mind such rights of third parties as constituted a present existing bar to reinstatement— an existing vested right, enforceable at the time by the party owning such right. This provision was not inserted for the benefit of the State of Texas, but for the benefit of third parties in whose favor such intervening rights existed; and, when there are no third parties

who can lawfully complain of the reinstatement, the State cannot be heard to do so."

The words of the statute providing for reinstatement when no rights of third parties have intervened having been judicially defined by the Court of Civil Appeals, with the sanction of this Court, in such manner as to defeat a reinstatement only when such rights are valid, existent and legally enforceable when written request for reinstatement is made, the re-enactment of the statute without change in its words, in the revision of 1925, was a legislative adoption of the judicial definition of the terms of the statute. Cargill & Dennis v. Kountze Bros., 86 Texas, 400, 22 S. W., 1015, 24 L. R. A., 183; Country Club v. State of Texas, 110 Texas, 49, 214 S. W., 296, 5 A. L. R., 1185.

The Land Commissioner followed the statute in reinstating Potts' purchase and in refusing relators' application to prospect for and develop minerals. The motion for leave to file the petition for mandamus is refused.