MAGNOLIA PETROLEUM CO. v. LONG.

No. 8852.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1932.

Rehearing Denied June 22, 1932.

Geo. R. Gillette, of San Antonio, and Wallace Hawkins, of Dallas, for appellant.

H. C. Carter, Perry J. Lewis, Champe G. Carter, Pat Long, and Randolph L. Carter, all of San Antonio, for appellee.

COBBS, J.

Appellee sued appellant for $50,000, alleging that appellant negligently caused and permitted water, grease, and oil to be upon the drive-in way that approached a gasoline filling station operated by appellant, and furthermore alleging that appellant was negligent for want of ordinary prudence and for violation of certain ordinances of the city of San Antonio as set forth in appellee's second amended original petition, and also alleging that appellant was negligent in failing to have such drive-in way cross-marked every four inches, and also alleging that appellant was negligent in that said drive-in way should have had a "float finish," and also alleging that appellant negligently caused and permitted said drive-in way to slant too much to the street, and also alleging that, by reason of said negligence, said driveway was a nuisance, and that same created a servitude upon said drive-in way or sidewalk which appellant failed to maintain in a safe condition, that on February 9, 1929, appellee was walking upon the sidewalk over which appellant was maintaining and operating a driveway as an approach to said filling station, and that while appellee was walking upon the driveway appellee was caused to fall by reason of appellant's negligence, whereby appellee's right leg was broken at the hip and other injuries were suffered by appellee.

After presenting exceptions, appellant, by special answer, pleaded that it was only a tenant of said filling station, which was and is owned by William L. Richter; that appellant never had control over the sidewalks and driveways, but that by law and the city charter same were controlled by the city of San Antonio; that, if defects therein existed as alleged by appellee, the city was responsible therefor, as having exclusive control and power over the streets, alleys, sidewalks, and public grounds; that said drive-in way or approach had been constructed before appellant occupied said premises under the permission of the city of San Antonio and approved by its city engineer after inspection by its sidewalk inspector; that said sidewalk and driveway had been constructed according to reasonable and customary plans and methods, and were not dangerous for their proper uses if ordinary care were used; that appellee negligently stepped from the sidewalk proper onto the slanting driveway or approach constructed for vehicles, and that, unknown to appellant's employees, a third party had been filling the radiator of his car with water and had permitted a small quantity of water to boil over and fall upon the cement floor of the filling station, thence trickling out upon the sidewalk and driveway, spreading to a width of about one foot; that at said time, being during daylight hours, said wet strip was plainly visible to any person using ordinary care, and that appellee negligently stepped off from said sidewalk onto said wet strip on said slanting drive-

way and thereupon slipped and fell; that appellee was negligent in stepping off upon said driveway, the slanting character of which was plainly visible, for the further reason that there was abundant room for appellee to walk on said sidewalk, which was approximately level and wholly clear of all defects or obstructions; that, by reason of the premises, appellee was guilty of contributory negligence; and that each and all of the acts of negligence on appellee's part caused and contributed to his said injury.

The case was submitted to the jury on special issues, the court saying: "Upon each of questions, or issues, Nos. 1 to 10, inclusive, the burden rests upon the plaintiff to show, by a preponderance of the evidence, the affirmative of such issues. And the plaintiff has the same burden of proof as to the amount inquired about in question, or issue No. 19. Upon each of the questions Nos. 11 to 18, inclusive, the burden of proof rests upon the defendant to show, by a preponderance of the evidence, the affirmative of said issues."

The issues are too long to copy herein. Appellant duly excepted to the judgment and gave notice of appeal to this court.

The application for a continuance was unique, but, as appellant did not reserve a bill of exception, this court cannot consider the application. Appellant attempts to mother a bill of exceptions taken by plaintiff. One of the reasons given why a bill of exceptions must be taken to be the basis for a review is the fact that it affords the trial court an opportunity to state the facts and reasons that were before him in a qualification to the bill.

The application was entirely insufficient to justify a continuance of the case. We reach the conclusion that no such testimony could be obtained except from Mr. Winn, the manager of the filling station, or from Mr. Connor, who was readily available as a witness at the trial that was had. The application does not deny that the testimony which it said Connor would give would not have been true. The application does not charge that the defendant believes that the testimony which it desires, without setting out a word of what that testimony would be, could be obtained at the next term of court, but the very indefinite term is used, if given "sufficient time." This term is vague, indefinite, and meaningless.

At best, the testimony which defendant claims it needs is but cumulative. It is notable that the application does not state what, if any, diligence was used to get other witnesses after the appellant discovered that it would not use Connor. The application was filed on the 8th, and the case was not submitted until the 10th. The appellant did not ask indulgence from the court, which, in all probability, would have been granted, in order to get the desired testimony. It did not ask indulgence of the court, or a postponement, but insisted that all the time and expense that had been put upon the trial before the court should be lost by the demand for an absolute continuance.

It seems to be the settled rule that the testimony for which the continuance is sought should be set out, and also the facts which justify the belief that it can be obtained in a reasonable time.

The evidence was excluded from the jury by reason of defendant's objection, and there are many authorities sustaining the rule that when any evidence is kept from the jury by objection when the evidence was admissible an appellate court will treat the evidence as being in the record as against the party whose objection excluded it from the record.

Extremely technical and unreasonable arguments are indulged in by the appellant to maintain its contention. It seems to be further contended, that, if the driveway was once erected, no matter how dangerous it might be to the public, there is no power that can require it to be changed in order to avoid the dangerous condition, and all authority would be helpless to remedy the danger, notwithstanding it is conceded by the appellant that the city has absolute authority to control the drive-in way in so far as it affects public property. Appellant presents a most technical argument upon the word "stipulation." The court in construing a law seeks the intention of the lawmaker, and, since the twentieth section of the ordinance concludes with this sentence, "Which does not comply with the stipulations of this ordinance," it is perfectly obvious that the lawmakers meant just what they said, and applied the word "stipulations" to this ordinance. Another section of the ordinance makes it an offense for each day that the drive-in way is so unlawfully maintained.

Defendant's witness Perez testified without objection to the substance of what the ordinance was, and for what purpose it was enacted.

We have gone over and carefully considered all the questions raised, and find no error committed that should cause a reversal of the judgment, and it is affirmed.

SMITH, J.

I concur in the judgment of affirmance.

FLY, C. J.

I merely concur in the result.