## Magnolia Petroleum Company v. F. A. Long.

No. 6357. Decided October 9, 1935.
Rehearing overruled November 6, 1935.
(86 S. W., 2d Series, 450.)

196

*George R. Gillette,* of San Antonio, *W. H. Francis, A. S. Hardwicke, Walace Hawkins,* and *Russell Surles,* all of Dallas, for plaintiff in error.

The Constitution denies authority to the Supreme Court

to establish a rule of procedure inconsistent with a statute. Constitution, Art. 5, Sec. 25; R. S., 1925, Art. 2237; Missouri, K. & T. Ry. Co. v. Beasley, 106 Texas, 160, 155 S. W., 183; Craver v. Greer, 107 Texas, 356, 179 S. W. 862.

An owner or lessee of premises not in a defective or dangerous condition is not liable for injuries caused by acts of third persons which were unauthorized or which he had no reason to anticipate and of which he had no knowledge. C. J., vol. 45, pages 837, 879; Laurenson v. Newton, 25 S. W. (2d) 165, Werner v. Trout, 2 S. W. (2d) 525; Randle v. Naugle, 299 S. W., 297.

*P. H. Long* and *Carter & Lewis*, of San Antonio, for defendant in error.

Plaintiff in error is not entitled to have its objections to the issues of common law negligence considered because it did not request special charges on this subject and because the exceptions to the court's charge were not clear and were misleading. Gulf, C. & S. F. Ry. Co. v. Conley, 260 S. W., 561; City of Houston v. Scanlan, 120 Texas, 264, 37 S. W. (2d) 718; City of Fort Worth v. Gulf Ref. Co., 125 Texas, 512, 83 S. W. (2d) 611.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

F. A. Long filed this suit in the District Court of Bexar County against the Magnolia Petroleum Company, to recover damages for personal injuries alleged to have been sustained by him while crossing a drive-in way over the sidewalk, used, operated and maintained by the company as an approach to one of its filling stations.

It was alleged that said drive-in way was not constructed, operated or maintained in accordance with certain provisions of an ordinance of the City of San Antonio (copied in haec verbae), that same created a servitude upon said drive-in way or sidewalk, which the company failed to maintain in a safe condition, that the company negligently caused and permitted water, grease and oil to be upon said drive-in way, making the same slippery, which directly caused and contributed to cause the plaintiff to slip and fall while walking over said drive-in way over the sidewalk, by reason of which plaintiff received severe and permanent injuries, his right leg broken and fractured near the hip, a rupture on the right side, shock to the nervous system, injuries to his kidneys and bladder, his hearing, from which he suffers continual pain.

The injuries are alleged to have occurred on or about February 9, 1929.

The defendant excepted generally and specially to the petition, plead a general denial and specially that defendant began the occupation of said filling station in the year 1923, after the construction of said sidewalks and driveways, under lease, continuing to this time, from William L. Richter, the owner of said property, that said sidewalk or driveway, if defective, existed in a public place for which the City of San Antonio is responsible, and while the curbing was cut down to permit automobiles to drive from the street into the filling station, this was done under the city's permission, as was also the slant, grade or angle of the driveway; that plaintiff was walking, going northward on the east side of South Laredo Street, when having reached the point opposite where the driveway or approach into the filling station leaves the street and connects with the sidewalk, plaintiff stepped onto the slanting approach for vehicles, at which time a customer of the filling station had been filling the radiator of his car with water from a hose, the car and hose being on the premises occupied by the filling station, "the engine of the car being very hot, said customer permitted a small quantity of water to boil over out of the radiator and to fall down onto the cement floor of the filling station, thence trickling out upon the sidewalk, and from the sidewalk upon the cement driveway or approach situated between said sidewalk and the curb or gutter line of said street; that there was no grease or oil on the sidewalk or driveway, but that wholly unknown to defendant or its employees, said small stream of water had run upon and spread over and wet the sidewalk and driveway to a width of about one foot;" that this was during the daylight hours, the wet strip was of darker color and plaintiff should have seen it but negligently stepped onto said wet strip and thereupon slipped and incurred whatever injuries he may have suffered; that said driveway or approach was not intended for pedestrians but for vehicles, and plaintiff was negligent in attempting to use same; that if he had used due care he would have avoided "stepping off onto said wet place on said slanting driveway, the slanting character of which, as well as said wet place being then and there visible to any person using ordinary care." The special answer continues "and defendant further alleges on information and belief that at the time of said occurrence plaintiff was wearing shoes with heels of rubber, or some material which becomes slippery when

applied to wet surfaces, and when the heel or heels of plaintiffs shoes came in contact with said wet places on said driveway, said heels of slippery material caused or contributed to said accident, whereby plaintiff was injured, and when wearing such slippery heels, he stepped off said sidewalk onto said wet strip on said slanting driveway, he was guilty of negligence." Said special answer continues further "plaintiff slipped and fell in the day time and was negligent in not noticing where he stepped; by reason of the aforesaid facts and circumstances plaintiff was guilty of contributory negligence and each and all of the aforesaid acts of negligence on plaintiff's part caused and contributed to his said accident and injury."

Trial of the cause began on October 5, 1931, and concluded on October 10, 1931, with the submission of special issues to a jury, upon whose findings, judgment was rendered for plaintiff, Long, in the sum of $8,000.00.

## OPINION.

*1st.*—It is contended by plaintiff in error that the Court of Civil Appeals in affirming the judgment below (51 S. W. (2d) 426) did not comply with Art. 1873, Rev. Stat., 1925, which requires the filing of conclusions of fact and law upon each material point assigned as error in that court, nor with Art. 1876, Rev. Stat., 1925, requiring all issues presented by proper assignments to be decided and announced in writing made of the conclusions so found. Morris v. Jackson, 296 S. W., 486, is cited to sustain such contention. In that case it appears that no opinion was rendered by the Court of Civil Appeals including its conclusions of facts and law, and Judge Bishop, of the Commission of Appeals, said that the provisions of Art. 1873 are mandatory; however, he considered the other assignments of error in the case. Here one of the Justices of the Court of Civil Appeals did write an opinion and file conclusions of fact and law, but plaintiff in error says that his two associates did not concur therein and therefore it is ineffective as a compliance with the law, in that one of the justices endorsed the opinion thus: "I concur in the judgment of affirmance" and the third justice wrote: "I merely concur in the result."

The challenged opinion concludes: "We have gone over and carefully considered all the questions raised and find no error committed that should cause a reversal of the judgment and it is affirmed," which, of course, represents the unani-

mous opinion of that court, as to the affirmance, although the reasons given in the opinion may not have been satisfactory to all its members.

■ Where writ of error is granted, the Supreme Court may consider all questions of law properly presented and requisite to a correct decision of the case. Moore v. Davis, 27 S. W. (2d) 153 (Com. App.); Harris County v. Charlton, 112 Texas, 19, 245 S. W., 644; Holland v. Nimitz, 111 Texas, 419, 239 S. W., 185.

We shall therefore consider all such questions of law as may be properly presented in the application for writ of error.

*2nd.*—After the cause had been on trial for three days, and after plaintiff had rested and defendant had offered testimony until noon of the fourth day, defendant presented motion to withdraw its announcement of ready for trial and grant a continuance, on the ground that one J. O. Conner had furnished it with his statement dated March 4, 1929, to the effect that on the afternoon of Long's injury he (Conner) drove into defendant's filling station and filled the radiator of his car with water from the hydrant near porte-cochere, when the water boiled over and ran out on the driveway, spreading out on the driveway as a thin sheet of water about 12 or 14 inches wide; that Long slipped in such wet place, striking his right hip, when he (Conner) with Mr. Winn, the company's agent, went to Long's assistance, and that Long's heel tracks where he slipped plainly showed outside of the outside line of sidewalk. That after the defendant had offered testimony and other witnesses sent for, said Conner informed defendant that his testimony would be adverse to the defendant's contentions as to the cause of the accident, and that he would have to testify that some of the pipes at defendant's filling station had frozen the night before and water was escaping therefrom across the sidewalk involved, upon which water plaintiff slipped. The motion further stated that the first information defendant had of such purported testimony was elicited from one of defendant's own witnesses by the plaintiff on cross examination immediately prior to the noon recess on the day said motion was filed.

Defendant claimed surprise, that it has filed no other motion for continuance, that the application is not made for delay but that justice may be done and concludes as follows: "Defendant believes that if given sufficient time, it will be

able to secure testimony to support the allegations of its first amended answer which has heretofore been based upon the testimony of the witness Conner."

Said motion to withdraw announcement and continue the case was overruled by an order entered in the minutes of the court, but no formal bill of exceptions on the subject appears in the record.

It is contended by plaintiff in error that the question should be reviewed in the absence of such bill, under authority of Art. 2237, Rev. Stat., 1925, which, so far as applicable, reads as follows: "If either party during the progress of a cause is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the ruling is made or announced and at his request time shall be given to embody such exception in a written bill. * * * 4th. Where the ruling or other action of the court appears otherwise of record, no bill shall be necessary to reserve an exception thereto."

Said 4th paragraph is in the same language as Art. 2062, Rev. Stat., 1911, and Art. 1364, Rev. Stat., 1895, and Art. 1362, Rev. Stat., 1879, and has been frequently construed by our courts.

At common law (as recognized by Rule 53 for the government of District and County Courts promulgated by the Supreme Court under its constitutional authority), the record proper in a case is constituted of the citation, petition, answer, their supplements and amendments, motions for new trial or in arrest of judgment, and final judgment; charges of the court that are given and those asked that are refused, when signed by the judge and filed by the clerk, being made a part of the record by statute, need not in civil cases be made a part of a bill of exceptions under Rule 54; Rule 55 reads as follows: "The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission and rejection of evidence and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions signed by the judge and filed by the clerk or otherwise made according to the statute, and they will thereby become a part of the record of the cause and not otherwise."

It seems to be conceded in brief and oral argument that if Rule 55 is effective, this assignment should not be considered, but it is argued that said rule is contrary to the statute and therefore ineffective.

Plaintiff in error admits familiarity with the many decisions holding that no authority exists to review the trial court's action in overruling a motion for continuance in the absence of a formal bill of exceptions, but says that those cases are based on the ruling in Texas & P. Ry. Co. v. Wallace, 65 Texas, 115, decided in 1885, but in 1891 the section of the Constitution authorizing the Supreme Court to make rules, was amended to the extent that such rules be not inconsistent with statutory law.

■ Of course, the court has no authority to promulgate a rule in conflict with a statute. Missouri, K. & T. Ry. Co. v. Beasley, 106 Texas, 160, 160 S. W., 471; Craver v. Greer, 107 Texas, 356, 179 S. W., 862; Golden v. Odiorne, 112 Texas, 544, 249 S. W., 822 (Com. App.); Durham v. Scrivener, 270 S. W., 161 (Com. App.).

In an unbroken line of decisions, it is held that in the absence of a bill of exceptions the action of the trial court in overruling applications for continuance will not be revised; so said Judge Templeton in St. Louis, S. W. Ry. Co. v. Bowles, 32 Texas Civ. App., 118, 72 S. W., 451 (writ of error refused), decided February 7, 1903, at which time the rule and the statute were as now. The same contention was made in that case as here, viz:—that the rule is in conflict with the statute and should not be followed. The court said, "We think, however, that the rule is not in conflict with the statute, as contended, and is founded upon sound reason and is settled by authority and the question can not be regarded as an open one."

In Texas Employers' Ins. Ass'n. v. Tabor, 274 S. W., 309 (affirmed 283 S. W., 779—Com. App.), decided on June 4, 1925, Judge Higgins said: "By a long line of Supreme Court decisions the rule is established that the action of the trial court in overruling a motion for continuance can not be reviewed unless a bill of exception is properly prepared and made a part of the record; that an exception noted in the order overruling the motion will not supply the place of such a bill. See cases cited in 7 Michie Digest, 101, 102. There is no bill in the record relating to the action of the court upon the motion, though in the order overruling the same, appellant's exception is noted. In this condition of the record we can not review the court's action in the premises."

In 3 Texas Jur., p. 589, Sec. 412, the rule is thus stated, citing numerous authorities: "In the absence of a bill of

exceptions relating to the matter, the action of the trial court will not be reviewed. This is true even though the record shows that an exception was reserved to the refusal," and again recognized as recently as Hall v. Carroll, 67 S. W. (2d) 1068.

■ Moreover, the statute carried into the Revision of 1895 and again into that of 1911 and of 1925, construed as it had been by the courts during all that time, its reenactment in each of such revisions was a legislative adoption of the judicial definition of its effect and plaintiff in error's contention that under it, a bill of exceptions is not required in cases like this, must be overruled. Cruzan v. Walker, 119 Texas, 189, 26 S. W. (2d) 908; Texas Co. v. Dunlap, 41 S. W. (2d) 42 (Com. App.).

■ *3rd.*—The City of San Antonio has an ordinance passed and approved on January 23, 1919, entitled "An ordinance prohibiting the construction, operation and maintenance of drive-in gasoline filling stations within the first fire limits or fire proof district A, of the city, providing a penalty and declaring an emergency." This ordinance was amended on September 26, 1927, by adding thereto certain sections governing the construction and operation of such stations outside the prohibited limits. These ordinances came under attack in City of San Antonio v. Thompson, 23 S. W. (2d) 796; City of San Antonio v. Humble Oil Co., 27 S. W. (2d) 868, and City of San Antonio v. Rubin, 42 Fed. (2d) 107, and were upheld; those cases are cited with approval by Chief Justice Cureton in City of Fort Worth v. Gulf Refining Co., 125 Texas, 512, 83 S. W. (2d) 610. The provisions thereof not only as to construction, but as to operation and maintenance must be respected. Regulation of the use of sidewalks is of course within the purview of such ordinances.

Chief Justice Cureton in City of Fort Worth v. Gulf Refining Co., supra, said, "It will be observed that the station necessarily makes exclusive use of a large portion of the streets at the curb lines, which must of course be kept clear for the ingress and egress of customers. In no other business must vehicles so frequently enter and depart over the sidewalks to and from the store area as they do in the filling station business. The necessary effect of lanes of ingress and egress to and from filling stations is not only to create traffic hazards to both pedestrians and travellers by car at the points involved but to remove from the use of the public

that amount of space as parking area and to require diligence and surveillance on the part of the proper officers to keep the driveways open for the use of each station and its customers and to protect the public from the increased traffic hazards."

"It is a matter of common knowledge," said Justice Smith in City of San Antonio v. Humble Oil Co., supra, "that the operation of such stations naturally and necessarily causes more or less congestion and particularly confusion of traffic; that drive-in stations such as those sought to be regulated by these ordinances divert public vehicular traffic from the streets to sidewalks, thereby interrupting and creating an additional menace to pedestrian traffic."

The ordinance as amended, makes it unlawful for any person to construct, operate *or maintain* any such station within the limits of the city which does not comply with the stipulations of the ordinance, also that all driveways into the station must be passed from the curb line to the property line on such grades as may be furnished by the City Engineer under the specifications covering sidewalks, except that they shall be cross-marked every four inches and float finished.

Plaintiff plead the above sections of said ordinance in *haec verbae,* but referred thereto as having been passed and approved on January 23, 1919, whereas they are contained in the amendment of September 26, 1927. The point is made that they should not have been admitted in evidence because not properly pleaded.

The amended ordinance was in force when the injury occurred and at that time, as found by the jury, the filling station was operated or conducted without having the drive-in way thereto cross-marked every four inches and without having such drive-in way, "float finished," and that the absence of such cross-marks and "float finish," severally caused or directly contributed to the plaintiff's fall and the injuries alleged by him.

■ In pleading ordinances the contents thereof should be substantially stated, either by quoting its language or stating the substance of its provisions. City of Austin v. Walton, 68 Texas, 507, 5 S. W., 70; 30 Texas Jur., p. 310, Sec. 171.

The rule is laid down in McQuillan on Municipal Ordinances, p. 584, Sec. 375, thus: "Unless authorized by statute a municipal ordinance can not be pleaded in a civil action by its title and date of its passage; it must be set out in full

or in substance, and where it is pleaded in substance it is not necessary to set out its title, the date of its passage or a copy of it." To the same effect, see 2 McQuillan Municipal Corp., p. 1818, Sec. 851.

The objections urged to the sections offered in evidence by plaintiff below, were (a) that it was not pleaded, (b) it does not apply to the district involved, (c) it imposes no duty upon the defendant, it not being shown that the defendant is the owner of any abutting premises involved, (d) the ordinance was passed in 1927, subsequent to the construction or erection of the filling station involved and can apply only to such stations subsequently built, and (e) it attempts to describe a pre-existing filling station and a nuisance, in that it is arbitrary in its terms.

The objections were overruled and the sections of the ordinance pleaded by plaintiff were admitted in evidence, whereupon defendant's counsel offered the entire ordinance of September 26, 1927, amending that of January 23, 1919, including the sections offered by plaintiff, stating to the court he did so "for the purpose of our objection and solely for that purpose."

■ Having been offered by the company, although for a limited purpose only, the ordinance and all or any of its parts was admissible in behalf of the adverse party when offered by him. Willis v. Smith, 72 Texas, 565, 10 S. W., 683; 17 Texas Jur., p. 360, Sec. 122.

*4th.*—The trial court submitted Special Issues, viz: No. 5, "Did the defendant permit water to be upon said drive-in way at the time and place plaintiff fell?" No. 6, "If you have answered 'Yes' to question No. 5, then was the defendant negligent in permitting said water to be upon said drive-in way?" No. 7, "If you have answered 'Yes' to question No. 6, then did such negligence directly cause or directly contribute to the plaintiff's fall and injury?" The jury answered "Yes" to all such issues.

The trial court also submitted Special Issue No. 8, "Did the defendant permit oil or grease to be upon said drive-in way at the time and place plaintiff fell?" No. 9, "If you have answered 'Yes' to question No. 8, then was the defendant negligent in permitting oil or grease to be upon said drive-in way?" No. 10, "If you have answered 'Yes' to question No. 9, then did such negligence directly cause or directly contribute

to the plaintiff's fall and injury?" The jury answered "Yes" to all such issues.

The defendant complains that no definition of the words "permit" and "permitting" was given by the trial court, in submitting such issues, on the proposition that such words are indefinite and confusing.

■ The court need not give definitions of ordinary words and phrases. The statute requires explanations and definitions of such legal and technical terms only, as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. Art. 2189, Rev. Stat., 1925; Texas & N. O. Ry. Co. v. Martin, 32 S. W. (2d) 363 (Com. App.) ; Robertson v. Holden, 1 S. W. (2d) 570 (Com. App.) ; Walker v. Texas Mexican Ry. Co., 27 S. W. (2d) 574; 38 Cyc, p. 1686; Wichita Falls Traction Co. v. Elliott, 125 Texas, 248, 81 S. W. (2d) 659.

We think these words as used in the issues submitted are not such legal terms as are contemplated by statute, requiring explanation or definition.

The connection in which a word or term is used must be considered, and if the connection in which used indicates that it was used in the usual and ordinary sense, the court is not required to explain or define it. Gen. Motors Corp. v. Killingsworth, 54 S. W. (2d) 266.

Thus, it has been decided that the words "aid" and "abet" are words of common use and therefore the jury is presumed to be acquainted with their meaning without any instructions from the court (King v. Shawver, 30 S. W. (2d) 930); so is the word "subterfuge" (Walsh v. Schingler, 14 S. W. (2d) 872); the word "consideration" (Dunlop T. & R. Co. v. Teel, 14 S. W. (2d) 104); the word "furnish" (Spurlock v. Hilburn, 32 S. W. (2d) 396); the phrase "high and immoderate rate of speed" (El Paso Elec. Co. v. Portillo, 45 S. W. (2d) 404); the terms "vigilent watch" and "in the shortest time and space possible" (Dallas Ry. Co. v. Bankston, 51 S. W. (2d) 304—Com. App.); the phrase "in trust" in connection with the words "for the use and benefit of his mother" (Blumrosen v. Burke, 37 S. W. (2d) 1070).

In Missouri, K. & T. Ry. Co. v. Keefe, 37 Texas Civ. App., 588, 84 S. W., 679, it was held that the use of the word "permit" in a general charge without explanation was not error, considering the charge as a whole.

■ 5th.—It is contended that the trial court should have instructed a verdict for defendant, on the ground that there was

no evidence that it, its agents or servants, placed the water, oil and grease on the sidewalk where plaintiff slipped, and the further ground that a property owner or occupant owes no duty to the public to repair or maintain an abutting sidewalk in a safe condition, although plaintiff in error admits in proposition under this assignment of error, that the obligation does rest upon the abutting owner or occupant if he has been an active agent in creating the condition.

The evidence shows that the defendant in error maintained and operated the filling station in question and exercised control over the drive-in way and sidewalk, the manager's instructions being, as testified to by him, to wash them off at least once a day, every night before closing the place, and to keep them clean, but at this particular time—it being cold weather—he cleaned the sidewalk about once a week and took more chances in cold weather than in warm weather; even in warm weather he did not wash the sidewalk every night." Referring to the warm weather season he said: "Sometimes I wash it two nights straight along and then I miss one if it looks clean enough. Q. Why do you wash it oftener in the summer than in the winter? A. I Just don't mind getting my feet wet in the summer." He testified further that he was at the place where the plaintiff fell and it was his duty to look after it. Although he could not remember how long before the injury he had washed off the driveway, he said it could have been a couple or three days.

The evidence shows further that the place where plaintiff slipped and fell was covered with water and oil, one of plaintiff's witnesses (Ramsey) testified that the water was running out of the station, another (Jordan) that the sidewalk and drive-in way where Long was lying, was wet "and what I would call, nasty," also that there was water and oil all over the place. Perry, witness for defendant, testified that Long was lying on that part of the driveway that had taken the place of and was part of the sidewalk, that water was coming from the filling station and running over the entrance way and across the sidewalk into the street. There are two slopes or slants in the sidewalk, one moderate and then a violent slope.

We think the evidence was sufficient to take the case to the jury.

The company was the active wrongdoer, if wrong there was, and primarily liable. 30 Texas Jur., p. 652.

■ If, as contended by plaintiff in error, there was liability on the part of the city, such liability existed only because of passive negligence, and in event of judgment against it, it could recover over against the company as the active wrongdoer. This was the practice in City of San Antonio v. Talerico, 98 Texas, 151, 81 S. W., 518, where the city was sued by a person injured by a defect in a sidewalk caused by an abutting property owner; the court held that as the property owner was primarily liable, judgment over against him could be had by the city, which, if liable at all, was only a passive wrongdoer; also in City of San Antonio v. Smith, 94 Texas, 266, 59 S. W., 1109.

In Kampmann v. Rothwell, 101 Texas, 535, 109 S. W., 1089, 17 L. R. A. (N. S.) 758, Rothwell sued Mrs. Kampmann as owner of the abutting property for injuries sustained by him in passing over a sidewalk in course of repair; she impleaded the contractors who did the work. Among other defenses she insisted that there was no legal obligation resting upon her to keep her sidewalk clear of obstruction, although she did concede, if liable at all, it would be either because she had placed the obstruction upon the sidewalk or caused same to be placed thereon or had violated some ordinance of the city, which was the proximate cause of the injury. The court affirmed a recovery against Mrs. Kampmann and rendered judgment over against the contractors.

So, if we concede, for argument's sake, that the city may be liable to the injured party, it was only passively negligent and therefore entitled to judgment over against the company for any recovery had against it. City of Weatherford Water Light & Ice Co. v. Veit, 196 S. W., 986; East Tex. Pub. S. Co. v. Johnson, 6 S. W. (2d) 344, Com. App.; Washington Gas L. Co. v. District of Columbia, 161 U. S., 316, notes 40 L. Ed., p. 712.

The company, if "actively" negligent, is of course liable to an injured party who is under no obligation to join in the suit one who may be only "passively" negligent.

■ While no issue of negligence vel non, because of failure to comply with city ordinances requiring the drive-in way to be cross marked every four inches and "float finished" was submitted or found by the jury, the judgment should not be reversed on that account, as the other grounds of negligence alleged were submitted and found by the jury, and the judgment finds support thereon. West Texas Coaches v. Madi, 26 S. W. (2d) 199 (Com. App.).

We have written at length, in view of the plaintiff in error's complaint that no authentic opinion of the Court of Civil Appeals has been filed, thus forcing upon it the burden of negativing any theory upon which the judgment of affirmance can be sustained, and in deference to its request that the assigned errors in its application for writ of error be severally considered and disposed of; however, after such consideration, we think no reversible error has been assigned, and the judgments below are affirmed.

Opinion adopted by Supreme Court October 9, 1935.

Rehearing overruled November 6, 1935.