## THOMAS v. STATE LIFE INS. CO.
### No. 12521.

Court of Civil Appeals of Texas. Dallas.

Dec. 23, 1938.

A. S. Jackson, of Dallas, for plaintiff in error.

Goggans & Ritchie and John B. Stigall, Jr., all of Dallas, for defendant in error.

YOUNG, Justice.

State Life Insurance Company, as plaintiff, obtained judgment in a district court of Dallas County for balance due on deed of trust notes, after foreclosure against the estate of O. S. Thomas, deceased, of which C. H. Thomas was the duly acting administrator. O. S. Thomas, Jr., was a party until date of trial before the court, when such defendant was dismissed on motion of plaintiff, the ground being that he was "admittedly and notoriously insolvent, and is at the present time a non compos mentis, being an inmate of the Wichita Falls State Hospital, at Wichita Falls, Texas, and constituted an accommodation maker only of the notes described in plaintiff's petition." Defendant administrator denied the facts just quoted, as to O. S. Thomas, Jr., and duly excepted to the discharge of such party. Defendant thereupon filed a first motion for continuance, alleging therein, under oath, that he could not safely go to trial without the presence and testimony of said O. S. Thomas, Jr., in that one of his defenses was the invalidity of plaintiff's sale under its second deed of trust; defendant expecting to prove by this witness who handled such matters that an agreement existed between the holder of said notes and O. S. Thomas, Jr. (one of the note makers), whereby the mortgaged property was turned over to said note holder, who agreed to collect the rents for application on the said second lien or "commission notes"; that such holder did collect rents, which, if properly applied, would have paid the notes in full, whereby no default existed as a basis for foreclosure. This motion also alleged a necessity for continuance, in order to make O. S. Thomas, Jr., a party on behalf of defendant, because of his being a joint maker, for purpose of contribution in event of any subsequent liability. The final judgment appealed from recited the overruling of the above motion for continuance, to which defendant excepted; also, recovery by plaintiff against defendant, as administrator of the estate of O. S. Thomas, deceased, for $12,000, with interest, costs of suit; and providing for certified copy thereof to be filed in the administration proceedings.

Defendant's assignments and propositions allege error in the action of the trial court as to (1) overruling his first motion for continuance; (2) in permitting plaintiff to dismiss from the cause O. S. Thomas, Jr., claimed to be a necessary party; (3) error in overruling general demurrer and a designated special exception; (4) also in rendering judgment for an amount in excess of the claim as presented to and

rejected by the administrator in the Probate Court.

■ No statement of facts is in the record, nor does the transcript contain any bill of exceptions to the overruling of defendant's motion for continuance; no facts whatever appearing as to testimony adduced in support of or adverse to such application for delay. In this situation, it is apparent that defendant has not presented his first proposition in such a manner as to permit a proper review thereof. "In the absence of a bill of exceptions relating to the matter, the action of the trial court in overruling a motion for a continuance may not be reviewed. This is true, although the record shows that an exception was reserved to the refusal." 3 Tex.Jur., Appeal and Error (civil), sec. 412, p. 589; Magnolia Petroleum Co. v. Long, Supreme Court adopted opinion, 126 Tex. 195, 86 S.W.2d 450; Farmer v. Kay Bros., Tex.Civ.App., 73 S.W.2d 546. As pertinently stated by Judge Brown, of the Fort Worth Court of Civil Appeals, in Home Insurance Co. v. Williams, 84 S.W.2d 876, 877: "There being no record of the evidence introduced before the trial court on the hearing of the motion, we are unable to say that the trial court abused his discretion, and hold that the findings made by the trial court must have been sustained by the evidence introduced". Further, under defendant's own allegations, the absent witness was shown to be of unsound mind at the material date and confined in a State institution. No error results in overruling an application for continuance when the absent party is shown to be incompetent. Tillman v. Fletcher, 78 Tex. 673, 15 S.W. 161; Billups v. Gallant, Tex.Civ.App., 37 S.W.2d 770.

■ C. H. Thomas, administrator, assigns error in the court's action dismissing O. S. Thomas, Jr., prior to the trial. The pleading of this defendant contains no allegations claiming contribution over and against the dismissed party, and we fail to see where the remaining defendant suffered any prejudice because of the ruling complained of. In appellee's brief is the unchallenged statement that O. S. Thomas, Jr., had not been served with citation, hence we can assume, in absence of record facts to the contrary, that the court proceeded by authority of art. 2087, R.S., under which plaintiff had the undoubted right to discontinue as to any such party not before the court. Further, plaintiff had alleged that O. S. Thomas, Jr., was insolvent, an accommodation maker and of unsound mind. In lieu of a statement of facts, it will be presumed that the trial court acted correctly upon sufficient grounds.

■ Defendant contends that his general demurrer was erroneously overruled, in that plaintiff, a foreign corporation, nowhere alleges that it was doing an interstate business as to the matters involved, nor that it had a permit under R.S. arts. 1529, 1535, 1536 (Vernon's Ann.Civ.St. art. 1536). On this point, we can well assume from plaintiff's corporate name that it was such a corporation as was not included under the articles just cited, by reason of the provisions of the following article 1538, R. S., relating to companies transacting an insurance business. Besides, plaintiff's petition does not show the transactions involved to be intrastate, hence allegations as to permit, etc., are but surplus pleading. Barton v. Kansas City Life Ins. Co., Tex.Civ. App., 98 S.W.2d 836. We have considered defendant's proposition relating to the overruling of his special exception, but conclude that plaintiff's allegations of presentation to and rejection by the administrator of the claim in suit were sufficient to sustain the court's judgment herein, especially in absence of the fact record, as well as of any showing that such ruling of the court was in anywise prejudicial. Likewise, we overrule defendant's assignment that the judgment rendered was excessive. Suit was filed many months after the claim for the balance due on the notes had been rejected by the administrator. Necessarily, such claim had increased by accrual of interest and allowance of attorney's fees to around the amount sued for; and, by process of mathematics, we find no excess in the court's rendition as to total accrued indebtedness.

Finding no error in the record under review, the judgment of the trial court is in all respects affirmed.

Affirmed.