**SERVICE REFINING CO. v. HUTCHERSON.**

No. 2581.

Court of Civil Appeals of Texas. Waco.

April 6, 1944.

Rehearing Denied April 27, 1944.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and Scott & Wilson, of Waco, for appellant.

Richey & Sheehy, of Waco, for appellee.

RICE, Chief Justice.

This is a suit for damages brought by Mrs. Nellie Hutcherson against Service Refining Company because of the death of her husband, J. H. Hutcherson, caused by the alleged negligence of defendant in causing oil to be upon a public sidewalk into which J. H. Hutcherson stepped, fell and received injuries resulting in his death. The trial was to a jury, resulting in a judgment for plaintiff in the sum of $4,500, from which defendant has appealed.

By its first group of points, appellant takes the position that the undisputed evidence adduced on the hearing of this cause entitled it to an instructed verdict, and conclusively demonstrates that J. H. Hutcherson was guilty of contributory negligence as a matter of law, thereby entitling it to a judgment notwithstanding the verdict of the jury.

The jury found that Mr. Hutcherson kept a proper lookout, and that he was not negligent in stepping in the oil which caused him to slip and fall. If there is any admissible evidence in the record to support the foregoing finding of the jury, it is the duty of this court to overrule the contentions of defendant.

The record reveals that J. H. Hutcherson, seventy-seven years of age, slipped and fell in some oil on the sidewalk adjacent to appellant's filling station while out walking on a Sunday afternoon; and that the injuries he suffered because of this fall resulted in his death a little over one week later.

On the occasion of the accident and for some time prior thereto, appellant operated a filling station at the north corner of the intersection of Washington and 11th Streets in the City of Waco. J. H. Hutcherson resided, and had resided for many years, on North 12th Street, three and one-half blocks from appellant's station. On this Sunday afternoon he left home about 2 P.M. to take his usual walk. The day was quite cloudy. He was walking south on the public sidewalk on the east side of 11th Street and on the west side of appellant's adjoining station when he slipped and fell in some oil on the sidewalk, described by the witnesses as varying in size from 3½ to 10 feet in diameter. At the time of the accident appellant's station was open for business, and its employees were engaged in the performance of their duties. Eleventh Street was one of the main streets in that part of the city

of Waco, was a very heavily traveled street with quite a bit of pedestrian travel along the sidewalk by the filling station. Mrs. Hutcherson testified that her husband wore glasses, and that there was nothing the matter with his eyes. There was nothing to prevent a person walking along the sidewalk, or working in front of the filling station, from seeing the oil on the sidewalk and on the concrete apron of the filling station. A person walking along the sidewalk could not step over the pool of oil unless he went out in the street. There was testimony that this oil came from appellant's driveway, across the sidewalk, and ran down the gutter of the street.

Appellant had cut down practically all of the curb surrounding the filling station so as to make a driveway which was used by its customers in going in and out of its filling station. In other words, the curb was cut in order that cars could be, and they were, driven across the sidewalk into the filling station to be serviced. The concrete apron of the filling station and the concrete sidewalk joined, and were separated only by a seam. The spilling of oil on the premises of appellant was a common occurrence; and a compound was kept by appellant to put on these oil spots and its employees were instructed to watch out for these spots of oil both on the driveway and the sidewalk and to cover them with this compound. These employees had been instructed to keep the sidewalk clean as well as the premises of appellant because appellant was using the sidewalk as a driveway for its business.

The jury found: (1) that J. H. Hutcherson was walking upon the sidewalk at the time he fell; (2) that the defendant, through its agents, servants and employees, caused oil to flow over the sidewalk; (3) that such oil rendered the sidewalk not reasonably safe to be used by pedestrians; (4) that in causing the oil to flow over the sidewalk defendant was negligent; (5) that such negligence was the proximate cause of Mr. Hutcherson's fall; (6) that there was an oily substance on the sidewalk at the time Mr. Hutcherson fell; (7) that such substance came from the appellant's premises; (8) that such oily substance caused the sidewalk to be in a condition that was not reasonably safe for the use of pedestrians; (9) that such unsafe condition had existed a sufficient length of time prior to Mr. Hutcherson's fall that appellant, through its agents, servants and employees, should have discovered such condition in the exercise of ordinary care prior to the time of Mr. Hutcherson's fall; (10) that the appellant should have discovered such condition in sufficient time that in the exercise of ordinary care it could have remedied such condition prior to the time that Mr. Hutcherson fell; (11) that appellant was negligent in not remedying such condition prior to the accident; (12) that such negligence was a proximate cause of the accident. The jury found against appellant on the submitted issues of contributory negligence.

Appellant takes the position that it owed no duty to keep the sidewalk in a reasonably safe condition; that such duty rested on the City of Waco. It relies on the rule of law laid down in Grapotte v. Adams, 130 Tex. 587, 111 S.W.2d 690; Id., Tex.Civ.App., 69 S.W.2d 460, to the effect that as a general rule the duty rests upon the city rather than the abutting property owner to maintain its sidewalks in a reasonably safe condition for the use of pedestrians. But this rule of law, under the facts of this case, cannot be so applied as to excuse the appellant from the consequences of the affirmative negligent acts of which it stands convicted by the jury. Appellant was allowed an extraordinary use of the sidewalk for its private convenience and business, and the condition which proximately caused the accident was found by the jury to have been due to its negligence. Derichs v. O. K. Auto Parts & Sales Co., Tex.Civ.App., 92 S.W.2d 465; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450; City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518.

But, the appellant contends, if the duty did rest upon it to keep the sidewalk in a reasonably safe condition and if the oil was on the sidewalk by reason of appellant's negligence, it is nevertheless not liable to plaintiff because if Mr. Hutcherson did not see the oil on the occasion in question, he was guilty of negligence as a matter of law; and, if he did see the oil and stepped into it, he is likewise guilty of negligence as a matter of law. We overrule this contention.

The jury acquitted Mr. Hutcherson of contributory negligence in that it found that he kept a proper lookout, and that he was not negligent in stepping into the oil.

It is true that the evidence discloses that the pool of oil into which Mr. Hutcherson stepped was open and obvious to anyone walking along the sidewalk in the direction that Mr. Hutcherson was proceeding. But there is no evidence that he saw the oil before he stepped into it. He was walking along a sidewalk which separated appellant's service station, then open for business, from a heavily traveled street. The sidewalk along which he was proceeding was used by the public at the invitation of appellant as a means of ingress for cars to the station. Before and at the time of the accident, appellant's employees were busy servicing the cars of its patrons. The jury could have inferred from the facts in evidence that Mr. Hutcherson at the time was keeping a lookout for cars that might proceed to or from the station across the sidewalk along which he was walking rather than for a more unusual danger caused by the negligence of appellant and which he might not have anticipated would probably exist. The rule is that contributory negligence can exist as a matter of law only when, under all the facts and circumstances in evidence, reasonable minds can reach but one conclusion. On the other hand, if from the facts in evidence and the reasonable inferences that can be drawn therefrom, viewed in the light of all the attendant circumstances, reasonable minds can reach different conclusions, then the question of whether there is contributory negligence or not is for the jury. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; St. Louis, B. & M. Ry. Co. v. Brack, Tex.Civ.App., 102 S.W.2d 261; Tisdale v. Panhandle & S. F. Ry. Co., Tex. Com.App., 228 S.W. 133, 16 A.L.R. 1264; Texas & N. O. R. Co. v. Grow, 121 Tex. 346, 48 S.W.2d 1106; Barron v. Houston, E. & W. T. Ry. Co., Tex.Com.App., 249 S.W. 825. Contributory negligence will not be presumed to exist from the bare fact of accident or injury. St. Louis, B. & M. Ry. Co. v. Brack, supra. In our opinion, the evidentiary facts and the inferences that could reasonably be drawn therefrom, as presented by this record, are such that reasonable minds could arrive at different conclusions as to whether or not Mr. Hutcherson, under all the facts and circumstances, acted as a person of ordinary prudence would have acted in the same or similar circumstances.

Appellant takes the position that the trial court committed reversible error in refusing to admit in evidence the inventory and appraisement of the property of the estate of J. H. Hutcherson. It is the theory of appellant that this evidence was admissible to show the value of the property received by plaintiff from her husband and should have been taken as a credit on any damages found by the jury to have been suffered by plaintiff as a result of her husband's death. We overrule this assignment.

The jury was limited by the court in assessing Mrs. Hutcherson's damages to the present reasonable cash value of the loss of services, counsel and care she had sustained because of the death of her husband; the court did not submit to the jury, as an element of damages, the amount of money that Mr. Hutcherson would probably have contributed to his wife's support had he lived.

We know of no rule of law or equitable principle that would vest in appellant the right to offset the damages it occasioned Mrs. Hutcherson in the loss to her of the value of the services, counsel and care of her husband by the amount of money or property she inherited from him. In our opinion, the case of San Antonio & A. P. R. Co. v. Long, 87 Tex. 148, 27 S.W. 113, cited by appellant, is not authority for the proposition of law urged by appellant. We are of the further opinion that the error, if any, in excluding the proffered evidence was harmless, because Mrs. Hutcherson testified that under the terms of her husband's will she inherited his property. She described the property, and stated she was receiving the same income therefrom as it produced prior to his death. The only item mentioned in the inventory but not mentioned in her testimony was the sum of $116.71 in bank, and which was community property.

The court submitted to the jury special issue No. 2, reading as follows: "Do you find from a preponderance of the evidence that the defendant, through its agents, servants and employees, caused oil to flow over the sidewalk in question on the occasion in question, if it flowed over same?"

Appellant objected to the submission of the issue for the reason that it was speculative in that the word "caused" was embodied therein, and further, because such

word was not defined. Appellant takes the position that the issue as submitted was especially harmful in view of the fact that there was testimony that cars of customers had been driving upon its premises, and that there was testimony in the record that suggested that the oil likely came from an old model Ford car which was parked partly on appellant's premises and partly on the sidewalk and about where appellant's witnesses testified the pool of oil was located on its premises. We overrule this contention.

The word "caused" is of common use and needs no definition. Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450, par. 9, page 455. Appellant did not tender a definition or explanation thereof to the court, and hence is in no position to complain. Rule 279, Texas Rules of Civil Procedure. There was evidence that the oil flowed over the sidewalk; that it looked like a three or four gallon can had been turned over, and the oil had run from defendant's driveway across the sidewalk; that it looked like "live oil". In view of this testimony, and of the fact that the inquiry of the jury was as to whether the defendant, through its agents, servants and employees, caused oil to flow over the sidewalk at the place and on the occasion in question, we do not think that there was any reasonable probability of the jury being misled or confused.

Appellant contends that the trial court committed reversible error because special issue No. 7 as submitted to the jury inquired whether the oil in question "came from the premises of appellant"; the objection of appellant thereto being that the language quoted was an "indefinite, ambiguous phrase", and placed too great a burden on it.

The record shows that issue No. 6 inquired whether there was an oily substance on the sidewalk; and issue No. 7 (here complained of) inquired whether such oily substance came from appellant's premises. The foregoing issues were followed by issues as to whether the presence of the oily substance rendered the sidewalk in a condition that was not reasonably safe; whether such unsafe condition had been present for a sufficient length of time that appellant, in the exercise of ordinary care, should have discovered it, and in time to have remedied it prior to the accident; whether such failure was negligence on the part of appellant and a proximate cause of the accident. We overrule this assignment for each of the reasons given by us in overruling appellant's objections to special issue No. 2.

Under points 8, 9, 10, 11, 12, 13 and 14, appellant sets out excerpts of the argument of plaintiff's counsel to the jury and contends that each of said arguments, as well as the combined effect of all of them, were of such an inflammatory nature as to prejudice its case before the jury.

The court sustained appellant's objection to the argument complained of in points 9, 10, 11 and 14, and in each instance instructed the jury not to consider the portion of the argument excepted to. This action of the trial court, in our opinion, removed any harmful effect that might have otherwise resulted. The exceptions to the argument set forth in point 8, and in points 12 and 13, were each overruled by the court. In our opinion, the argument complained of was legitimate and the court was correct in its ruling. We have carefully considered each of the above-mentioned points, and have reached the conclusion that it would serve no useful purpose to set out herein the arguments complained of or to discuss each of said points separately. We have further concluded that the arguments complained of, if objectionable, were not of such a nature, either separately or collectively, when viewed in the light of the record before us, as to have prejudiced the appellant before the jury.

Being of the opinion that each of appellant's points is without merit, the same are overruled, and the judgment of the trial court is affirmed.