George S. LEMON, Jr., Appellant,

v.

Bertha Lee WALKER, a Widow, Appellee.

No. 8274.

Court of Civil Appeals of Texas,
Amarillo.

June 19, 1972.

James M. Gerdeman, Harvey L. Morton,
Lubbock, for appellant.

Claude S. Cravens, Slaton, Hurley &
Sowder, Lubbock, for appellee.

REYNOLDS, Justice.

A finding of liability upon a promissory note against the defense of want of consideration, and alternatively the failure of consideration, gave rise to this appeal. Affirmed.

Appellant George S. Lemon, Jr., defendant in the trial court, prepared, executed and delivered to appellee Bertha Lee Walker, a widow, plaintiff in the court below, his promissory collateral note in the principal sum of $1,000.00, bearing interest from date at the rate of 6% per annum, made payable to the order of appellee on demand after date "for value received," and received appellee's personal check made payable to the order of appellant in the sum of $1,000.00. As collateral security, the note provided that 1,500 shares of ARCO Corporation stock, to be issued to appellant within 30 days, were to be immediately assigned to appellee. Appellee did not receive any stock and the note not being paid upon demand, appellee filed this suit, setting forth the above matters and seeking judgment on the note. Appellant's verified answer consisted of a general denial and the affirmative defenses of want of consideration and, alternatively, the failure of consideration.

Trial was to a jury. Appellee introduced in evidence the note sued upon, which recited that it was given "for value received," and testified that the note was due and unpaid, thereby establishing a prima facie entitlement to judgment, unless recovery could be defeated by proof of want or failure of consideration. Appellant's sworn denial of consideration read to the jury did not shift the burden of proof from him, but merely put the matter in issue upon which he had the burden of proof. Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67 (1933).

In his attempt to discharge his burden of proof for his defense, appellant testified that he was only the means through which appellee's $1,000.00 was converted into a gift or loan to one Nadean Arnold. The evidence was that at the time of the transaction, appellant was a practicing lawyer representing appellee, who was 67 years of age, without business experience, and her eyesight was impaired so that she could not see the note inscriptions. At the same time, appellant was representing Nadean Arnold, who operated a theater business by the name of Slaton Theaters, in the incorporation of the business under the name ARCO Corporation. It was appellant's testimony that appellee wanted to make a gift of $1,000.00 to Nadean Arnold, who would not take the gift directly from appellee, to alleviate financial problems Mrs. Arnold was having in operating her business. Appellee and her son, so appellant testified, were pressing him to complete the gift and, although appellant thought there might be some conflict of interest in his position, he felt that the gift should be in actuality a loan. Appellant admitted the preparation and execution of the note, his delivery of it to appellee upon receipt of her $1,000.00 check, its deposit to his account, and that neither he nor anyone else to his knowledge had made any payments on the note. Some four days after the receipt and deposit of appellee's check, appellant drew a check, introduced in evidence, on his personal account made payable to Nadean Arnold in the sum of $891.48, and on the check wrote that it was for "Purchase of 10% or 500 shares of Slaton Theaters." It was his intent, appellant deposed, that he would receive 30% of ARCO Corporation's stock, retain 20% for his legal services in the amount of $2,000.-00 rendered to Mrs. Arnold and the corporation, and assign 10% of the stock to appellee. The $108.52 difference between the amount of appellee's check and the sum of appellant's check made payable to Mrs. Arnold was retained, appellant stated, for incorporation expenses, although some four years previously he had testified by deposition that he transferred the proceeds from appellee's check to Mrs. Arnold, except for $125.00 which he retained in payment of

legal fees owed him by Mrs. Arnold. The theater business was incorporated and operated for some two years before it was sold, but no stock was ever delivered to appellee. Appellant stated that he handled the transaction in this manner in order that appellee would have supporting documents to prove a business loss or tax deduction in the event appellee did not receive any money. At that time appellant represented a savings and loan association and a bank in loan transactions that were not processed in the same manner as this transaction, and he admitted that he would tell his clients not to sign a note if they did not intend to pay it. Appellee and her son, whom she consulted in business matters, contradicted appellant's version of the transaction. Nadean Arnold did not testify.

In this state of the record, the trial court submitted one special issue to the jury, inquiring whether appellant did not receive any consideration for the execution of the note. Appellant timely objected to the court's charge on the basis that the special issue submitted a question of law without a definition of the term "consideration," and, in the alternative, requested that the term "consideration" be defined so as not to submit a question of law, tendering a definition of the term "valuable consideration." The objections were overruled, the jury answered the special issue "he did receive consideration," appellant's motion for new trial predicated on the same objections made to the court's charge was denied, and judgment for appellee was entered on the jury's verdict. Appellant has brought his two objections forward as his two points of error on which his appeal is enounced, specifically contending that failure to define the legal term "consideration" as required by Rule 277, Texas Rules of Civil Procedure, constitutes reversible error.

■ While the special issue could have been submitted in a more factual manner, we do not subscribe to it the character of a pure question of law or condemn it for lack of a definition of the term "consideration" under the facts of this case. Appellant pleaded a want or failure of consideration for his execution of the note. After hearing the pleadings and the evidence, the jury could not be indefinite or uncertain as to appellant's claim of lack of consideration. Appellant was merely a conduit for the transfer of appellee's money to Mrs. Arnold as he asserted, or else he in fact did receive consideration for his execution of the note. Under this record, the special issue as cast fairly presented the fact issue of want or failure of consideration claimed by appellant, and properly placed on him the burden of proving his defense. Rules 272 and 277, T.R.C.P.

■ Rule 277, T.R.C.P., dictates that "* * * In submitting special issues the court shall submit such * * * definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, * * *"; however, it is only when a word has a distinct and fixed meaning in law not readily understood by the average person that the definition of a legal term shall be necessary to enable a jury to properly pass upon and render a verdict. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 (1935). Although the word "consideration" was used in a legal sense in the special issue, it had no technical connotation removed from its commonly used meaning requiring a definition to enable the jury to properly pass upon the issue. To the juror of average intelligence, especially in this modern business world of credit extended upon the execution of promissory notes, the consideration for a promissory note means something of value moving from one person to another, or, as stated in 13 Tex.Jur.2d Contracts § 40, "* * * Something that is given in exchange, or something that is mutual and the inducement for the contract, being both lawful and valuable." This was the meaning, under the facts of this case, in which the word "considera-

tion" was used in the special issue, and it was not used in such a legal sense as was contemplated by Rule 277, T.R.C.P., to require a definition.

The use of the term "consideration" sans definition in a special issue is not a novel proposition. As early as 1929, the word "consideration" was employed in special issues inquiring whether certain promises were a part of the consideration for the promissory notes sued on, and the court held that it was not error to refuse to define the word which was used in its plain and simple meaning in the issues. Dunlop Tire & Rubber Co. v. Teel, 14 S.W.2d 104 (Tex.Civ.App.—Amarillo 1929, no writ). This holding that "consideration" required no definition was cited with approval by our Supreme Court in Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450 (1935) as an example of words of common use, the meaning of which the jury is presumed to be acquainted without any definition from the court. The submission of special issues similar to the one questioned in the case at bar in which the word "consideration" was used without definition was approved where the inquiry was as to the purpose for making the note that was the basis of the suit. Ross v. Cook, 151 S.W.2d 854 (Tex.Civ.App.—Galveston 1941, writ ref'd w. o. m.).

We have carefully read and considered the numerous cases cited by appellant in which special issues inquired as to pure questions of law and in which definitions of legal terms used in the special issues were required, but it is sufficient to state, without extending this opinion for a case by case analysis, that the cases are distinguishable on the factual situations inquired about and the legal terms used. This review has not altered our belief that the legal principles set forth are controlling of the facts of the case on appeal. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.