Philadelphia *v.* Merchant & Evans Co., Appellant.

Argued January 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*T. R. White,* with him *Algernon R. Clapp,* for appellant.—The lease to Hagy Brothers gave them exclusive possession and control of the premises: Kaufman v. Liggitt, 209 Pa. 87.

A grant or devise of the use of property, without restriction as to the purpose of such use, passes an estate in the property and implies a right of exclusive possession on part of the grantee or devisee for the duration of the estate: Wusthoff v. Dracourt, 3 Watts 240; Bell v. Fulton, 1 Sadler 200; Saxton v. Mitchell, 78 Pa. 479; Armstrong v. Michener, 160 Pa. 21; Ringrose v. Ringrose, 170 Pa. 593; Stigers v. Dinsmore, 193 Pa. 482; Handley's Est., 208 Pa. 388; Hall v. Dean, 72 Pa. Superior Ct. 599.

Even where the grant restricts the purpose of the use, it has been held to import a fee: Riggs v. New Castle, 229 Pa. 490; Phillips Gas & Oil Co. v. Lingenfelter, 262 Pa. 500; Schultz v. Grove, 70 Pa. Superior Ct. 494; Milton Boro. v. Twp., 9 Pa. Superior Ct. 204; Moline Water Power Co. v. Cox, 252 Ill. 348.

The verdict of the jury having established that the tenants were in exclusive possession of the premises, it was error to enter judgment n. o. v. in favor of plaintiff: Harte v. Jones, 287 Pa. 37; Phila. v. Bergdoll, 252 Pa. 545; Lindstrom v. Penna. Co., 212 Pa. 391; Bears v. Ambler, 9 Pa. 193; Towt v. Phila. et al., 173 Pa. 314; Chroust v. B. & L. Assn., 214 Pa. 179; Levick v. J. A. Patterson & Co., 65 Pa. Superior Ct. 261; Cunningham v. Rogers, 225 Pa. 132.

*Israel K. Levy,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, and *G. Coe Farrier,* Assistant City Solicitor, for appellee.—Where a municipality seeks indemnity from the owner of property after payment of a judgment obtained against it for personal

injuries caused by a defective sidewalk abutting thereon, such owner is not relieved from the responsibility of keeping his sidewalk in repair by reason of the enjoyment of an easement over the property by two adjoining tenants: Callen v. Hilty, 14 Pa. 286; Advance I. S. Co. v. Eagle M. C. Co., 267 Pa. 15; Hoffman v. Buchanan, 83 Pa. Superior Ct. 454; Drucker v. Russell, 279 Pa. 443, 448; Rabinowitz v. Rosen, 269 Pa. 482, 484; Murphy v. Ahlberg, 252 Pa. 267, 269; Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250; DeSanno v. Earle, 273 Pa. 265; Hawkes v. Phila., 264 Pa. 346; Stilley v. Pitts.-Buffalo Co., 234 Pa. 492, 497; Hines v. Coke Co., 271 Pa. 219, 221; Com. v. Burford, 225 Pa. 93; Anania v. Serenta, 275 Pa. 474; Gloninger v. Coal Co., 55 Pa. 9; Saltsburg Colliery Co. v. Coal Mining Co., 278 Pa. 447; Sylvan Green Marble Co. v. Williams & Co., 85 Pa. Superior Ct. 515; Sheffield Water Co. v. Tanning Co., 225 Pa. 614; Levin v. Phila., 277 Pa. 560; Stove Co. v. Evans, 9 Pa. Superior Ct. 597; Silver v. Hause, 285 Pa. 166; Reilly v. Shannon, 180 Pa. 513; Palmore v. Morris, Tasker & Co., 182 Pa. 82.

Defendant, having control, possession and right of possession of lot A, is responsible for the negligent maintenance of the sidewalk abutting thereon: Dress v. Harrisburg, 287 Pa. 157; Sloan v. Hirsch, 283 Pa. 230; Wolk v. Hotels Co., 284 Pa. 545; Coles v. Schweppenheiser, 83 Pa. Superior Ct. 490.

Where a person, who has the control and right of possession of premises adjoining a defective sidewalk, receives notice to come in and defend a suit against a municipality for damages sustained as a result of such defective sidewalk, he is bound by the judgment recovered in that case and thereby precluded from denying his responsibility: Pasquinelli v. Mfg. Co., 272 Pa. 468; Phila. v. Vare, 245 Pa. 178; Erie Co. Elec. Co. v. Tel. Co., 265 Pa. 181; Butler City v. Tel. Co., 93 Pa. Superior Ct. 533; Brobston v. Boro., 290 Pa. 331; O'Connor v. O'Connor, 291 Pa. 175; Orth v. Gas Co., 280 Pa. 118; Hanley

v. Ryan, 87 Pa. Superior Ct. 6; Fowler v. Boro., 17 Pa. Superior Ct. 366; Wolk v. Hotels Co., 284 Pa. 545; Dress v. Harrisburg, 287 Pa. 157; Lohr v. Boro., 156 Pa. 246; Duncan v. Phila., 173 Pa. 550; Mintzer v. Greenough & Hogg, 192 Pa. 137; McLaughlin v. Kelly, 230 Pa. 251; Pittsburgh v. Reed, 74 Pa. Superior Ct. 444; Pittsburgh v. Daly, 5 Pa. Superior Ct. 528; Chester v. Bank, 9 Pa. Superior Ct. 517.

OPINION BY MR. JUSTICE KEPHART, January 28, 1929:

The City of Philadelphia brought suit to recover from a landowner the amount of a judgment it was required to pay because of an injury occasioned by a defect in the pavement along the owner's property. Liability was predicated solely on ownership and control of the premises.

The property, of which the premises in question were a part, was conveyed to defendant, subject to a lease which provided as follows: "Lessor doth hereby demise and let unto lessee, all that certain brick building...... designated on plan hereto attached by the letter 'B' together with the use of the yard room......designated on the plan as 'A,' also the yard room......designated on plan as 'C.' " The pavement on which the accident occurred was part of the driveway leading out of yard "A." The lease had not expired at the date of the injury. Defendant contended it was not liable as it was not in possession. The question of possession and control, as between the owner and the tenant, was submitted to the jury who found for the owner-defendant. The court subsequently entered judgment for plaintiff n. o. v. for the sole reason that the lease gave the tenant nothing but an easement over the yard, and the owner, not being divested of ownership and control, was liable as a matter of law for an injury incurred from a defect in his pavement.

The primary duty to keep their sidewalks in repair rests on property owners in possession, while the mu-

nicipality's duty is secondary: Dutton v. Lansdowne Boro., 198 Pa. 563, 566; Lohr v. Philipsburg Boro., 156 Pa. 246, 249. Where sidewalks are permitted to get into a dangerous condition, by reason of defects or the presence of snow and ice, they are not sidewalks in ordinary repair; the owner in possession is liable for whatever damages might follow: Pittsburgh v. Reed, 74 Pa. Superior Ct. 444. If the owner is out of possession because of a lease or otherwise his liability ceases, and the tenant or occupier is liable for injuries occurring to a third person on the premises, because of such failure to repair sidewalks: Wolk v. Pittsburgh Hotels Co., 284 Pa. 545, 550. We held in Schott v. Harvey, 105 Pa. 222, that a tenant in possession is, for all practical purposes, the owner of the property.

The question resolves itself into an interpretation of the phrase, "use of the yard room." The lease gave this to the tenant without restriction or limitation. In general "use" has been defined as "the right to enjoy, hold or occupy and have the fruits thereof." If the thing used is in the form of real estate, the "use" includes the occupancy or cultivation, or the rent which can be obtained therefrom: Linton v. Howard, 128 N. W. 793, 163 Mich. 556; Words and Phrases, 2d Series. Practically the same language came before the Superior Court for consideration in Beistel v. Westmoreland Motor Car Co., 91 Pa. Superior Ct. 343. That court in an opinion by Judge LINN held: "The words of a grant are to receive a reasonable construction and one that will accord with the intention of the parties," which may be ascertained by examination of the circumstances under which the writing was made. "We agree that by the grant of the 'use forever' (Riggs v. New Castle, 229 Pa. 490, 493; Landell v. Hamilton, 175 Pa. 327, 333)......the grantors intended to and did grant......the use of the basement......to the exclusion of all others." In the case at bar, the specific land for use was designated by plan or map, and there was no limitation on the quantity

or manner of use. In Blauvelt v. Water Co., 75 N. J. Eq. 351, 72 Atl. 1091, where the words to be considered were, "the use of such portion of land," etc., the chancellor said: "I give the word 'use' as herein employed the meaning of entire, exclusive, complete or any other comprehensive word to express all of the purposes to which land can be put;......by the employment of the word 'use,' the grantor intended to grant and convey the entire use, that is to say, the entire dominion over the land."

It is well settled that a grant or devise of the use of property, without restriction as to the purpose of such use, passes an estate in the property and implies a right of exclusive possession on the part of the grantee or devisee for the duration of the estate: Stigers v. Dinsmore, 193 Pa. 482.; Hall v. Dean, 72 Pa. Superior Ct. 599.

Evidence that an adjoining tenant had made use of the yard as a driveway, and that possibly the previous owner had stored goods therein, does not contradict the absolute grant of the lease nor would such acts impose on defendant a liability different from that assumed under the lease; in like manner, such acts would not deprive the tenant of his right under the lease or modify it in any way. As the lessee had the right of exclusive possession, the owner was not liable for injuries suffered from defects in the pavement. In such a case responsibility rests on the occupier or tenant: Phila. v. Bergdoll, 252 Pa. 545; Harte v. Jones, 287 Pa. 37.

Judgment is reversed and entered for defendant on the verdict.