## LAURENSON v. NEWTON.
No. 8301.

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1929.

Rehearing Overruled Feb. 26, 1930.

Don A. Bliss, of San Antonio, for plaintiff in error.

Templeton, Brooks, Napier & Brown, of San Antonio, for defendant in error.

COBBS, J.

This suit was brought by plaintiff in error to recover of defendant in error damages in the sum of $11,000 an account of serious bodily injuries, which she alleged were caused by the defendant in error's negligence in causing a cut to be made in the curb and sidewalk and constructing and maintaining a driveway from Travis street in the city of San Antonio, in Bexar county, Tex., across the sidewalk to and into the property owned by defendant in error on the north side of Travis street, in violation of the ordinances of the city of San Antonio governing the making of such cuts and driveways and maintaining the same.

The defendant filed general and special pleadings, and alleged that plaintiff's own negligence caused and contributed to cause her injuries.

The case was tried by a jury to whom the court submitted special issues, and upon the return of their answers the court entered a judgment in favor of defendant in error.

The evidence sufficiently showed the damages and injuries resulting to plaintiff caused by the fall in crossing over the driveway of defendant, and there is no need to discuss it here.

The ordinance of the City provides:

"*Lines and Grades* * * * No excavation shall be done and no construction shall be commenced and no material shall be placed for any such work in any public street or public place until permit for such work has been obtained from the City Engineer, nor until stakes for lines and grades for such work have been given by the City Engineer. Contractors will be required to protect both line and grade stakes after the same have been set, and errors in lines or grades caused by stakes having raised, lowered or otherwise changed or lost will be charged against the contractor, and he will be required to make such mistakes good at his own cost and expense.

"All driveways into private property or alleys must be paved from curb-line to property line on such grades as may be furnished by the City Engineer and under the same specifications governing the walks except that they shall be cross-marked every four inches to prevent slipping.

"It shall be unlawful for any person, firm or corporation, including also all public utility. corporations operating in this City, to make or cause to be made any cut or excavation in or under any sidewalk, curbing or gutter, or public street or place in this City, or any repairs in connection therewith, unless such person, firm or corporation be duly licensed hereunder, and hold a permit issued by the City Engineer authorizing such work, and unless such cut or excavation be promptly repaired and put in condition at least as sound, presentable and secure as before.

"Before any such work shall be commenced or any materials therefor placed on the ground by or for any contractor, the contractor shall make, sign and file with the City Engineer a written application for permission authorizing such work, which application shall be in such form as may be required by the City Engineer, and thereupon the City Engineer, subject to the provisions of the ordinances of the City, and upon payment of the permit fee, shall issue to such contractor a signed permit in writing, which, among other things, shall be dated, name of the contractor and property owner, and contain a receipt of permit fees and describe the character, and location of the work and authorize the same to be executed as herein provided."

This, to our mind, is a most important right reserved in the city as much so as any other regulation it possesses. The city should control and regulate its sidewalks as much so as its streets or any other municipal requirement.

It is not for us to say or pass upon any question of damages or negligence, but to say whether any requirement of this ordinance was upheld or maintained throughout this trial. It was a per se negligent violation. This ordinance was well within the power of the city to pass and enforce. It is an excellent ordinance, and in lieu of' it the city has no verbal right to lay it out of sight and give verbal instructions as to the construction of the sidewalk. It was in every way ignored and overlooked in the trial of this case, and there is no use or need to discuss the other various errors that may not arise on another trial. Proper submissions were presented by plaintiff in error and refused by the trial court.

Plaintiff in error was severely injured and seriously damaged by her fall, which she alleges was caused by the negligent construction and maintenance of the sidewalk.

For the reasons stated the judgment is reversed, and the cause remanded for another trial.

*On Motion for Rehearing.*

As my associates do not agree with me, still adhering to my opinion, it is the opinion of the court that the motion for rehearing be granted and the judgment affirmed, and it is so ordered.