## Weigand *v.* American Stores Company, Trustees (et al., Appellant).

Argued November 27, 1942. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*I. Jerome Stern,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Ernest Lowengrund, Acting City Solicitor,* for appellant.

*Thomas Raeburn White,* with him *Thomas Raeburn White, Jr., White & Staples,* and *C. L. Cushmore, Jr.,* for appellee.

OPINION BY MR. JUSTICE PARKER, January 4, 1943:

On the trial of this action in trespass against a municipality, a landlord and a tenant, it became necessary to determine who was primarily responsible for the condition of a sidewalk on South 48th Street, Philadelphia, at a point where the plaintiff claims to have suffered injuries. The locus was where a private driveway crossed the sidewalk. All are agreed, and properly so, that a complete answer to the phase of the controversy involved in this appeal will be had when it is determined whether the tenant, the American Stores Company, had the exclusive use of the driveway or used it only in common with the landlord and other tenants.

The jury disagreed and the court below entered judgment for the tenant, American Stores Company, notwithstanding the disagreement, leaving for trial the issue between plaintiff and the remaining defendants. We are in accord with the conclusion reached by that court.

It has been held that where an owner is out of possession because of a lease of an entire property, his liability for repair of sidewalks ceases and the tenant is liable; but where the premises are let to several tenants each occupying different portions but all enjoying or using certain portions in common, the landlord is in con-

trol of and is responsible for the condition of the sidewalk in front of the portion of the premises used in common: *Bruder v. Phila.*, 302 Pa. 378, 153 A. 725; *Baxter v. Homestead Boro.*, 120 Pa. Superior Ct. 182, 182 A. 68; *Cooker v. Great A. & P. Tea Co.*, 120 Pa. Superior Ct. 239, 182 A. 71.

The Estate of Eli K. Price was the owner of land between South 48th Street and South 49th Street and extending south from Spruce Street about two hundred fifty feet. The trustees on December 6, 1937, by written agreement leased to American Stores Company for a term of five years beginning March 1, 1938, a "one story store (size 100′ x 125′) . . . upon a lot size 100′ x 215′ extending in rear to Hanson St. including use of 15′ driveway to the North of the new store. . . . It is understood and agreed that Lessee is to have the use of the southern one-half of the lot from Hanson St. to 49th St. on the south side of Spruce St. for parking, until such times as the Lessor sells same or erects a building thereon."

Prior to the date of that lease the Price Estate had by written agreement leased to separate tenants a number of buildings located on the south side of Spruce Street. The driveway in question was located about fifteen feet north of the building leased to American Stores Company and four feet nine inches south of the southern line of the Spruce Street buildings. The portion of the driveway on the lot was covered with cinders or gravel as was the remainder of the lot not occupied by buildings. At the location where it entered the cartway the curb was depressed. The buildings on Spruce Street had rear entrances with steps in some cases leading to the edge of the driveway.

While the written leases for the premises on Spruce Street did not specifically grant to the tenants the use of the driveway, Philip Price, one of the three trustees of the Price Estate, was called as a witness by the plaintiff and testified that the stores on Spruce Street were built

several years before the building occupied by American Stores Company, that there was no other convenient access to the rear of those store rooms than that driveway, that the driveway had always been used by those tenants and that they had a right to so use it.

We will first examine the contention of the city that the lease to American Stores Company was a grant of the exclusive possession and control of the driveway. "The words of a grant are to receive a reasonable construction and one that will accord with the intention of the parties; but, in order to ascertain their intention, courts will look into the circumstances under which the grant was made: *Connery v. Brooke,* 73 Pa. 80": *Mercantile Library Co. v. Fidelity Trust Co.,* 235 Pa. 5, 11, 83 A. 592; see also *Landell v. Hamilton,* 175 Pa. 327, 335, 34 A. 663; and opinion by Judge LINN, now Mr. Justice LINN of this court, in *Beistel v. Westmoreland Motor Co.,* 91 Pa. Superior Ct. 343, 348.

When we examine the grant to American Stores Company in the light of the circumstances under which it was made, we deem it to be clear that it was not the intent of either party to that lease that the use of the driveway was to be exclusive. The grant of the use of a driveway or other private way is by its nature more limited in scope than the grant of the use of a tract of land without limitations as to the nature of the use. In the case of a driveway it is implied that the use granted is merely as a passageway. Such rights may ordinarily, certainly in this case, be used by several persons without interfering with each other and it should therefore require less proof here to show that the intention was not to grant an exclusive use. Here the driveway had been constructed for the benefit of the Spruce Street properties before the construction of the building leased to American Stores Company. It had been used by those tenants before that time and the steps to the driveway gave physical proof of the intention.

"The lease of a part of a building carries with it for the benefit of the tenant everything which is necessarily

used with or which is reasonably necessary to the enjoyment of the particular portion which he occupies. . . . Under the general rule that those rights essential to the enjoyment of the demised premises, and necessary for the enjoyment thereof pass as appurtenant thereto the rights of ingress and egress pass to the tenant even though they are not specifically mentioned": Trickett on Landlord & Tenant, 2d Ed., pp. 47-48; *Howell v. M'Coy,* 3 Rawle 256, 271; *Bennet v. Bittle,* 4 Rawle, 339, 342. While convenience is not necessity, here the steps led directly from the Spruce Street buildings to the driveway and were of no service unless the tenants had the use of the driveway.

The Price Estate and the American Stores Company by their admissions on the trial of the case have shown that it was not the intention of either that the use should be exclusive. That was the construction placed on the lease by the parties to it.

The appellant, however, argues that the testimony of Philip Price should not be considered because he was only one of three trustees and could not bind his co-trustees and the action of all three would be required. That contention overlooks the fact that the trustees were all parties to this action. Being parties, they did not contradict his testimony and must be presumed by their silence to have acquiesced in his declarations. The course of conduct with reference to the driveway gives additional proof of the same facts.

The case of *Philadelphia v. Merchant & Evans Co.,* 296 Pa. 126, 145 A. 706, contains nothing contrary to the conclusion which we have reached here. The facts in that case are radically different from the facts in this case. There the landlord leased to a tenant a brick building and also the use of two adjoining vacant parcels of land. The accident occurred on a portion of the sidewalk in front of one of those two parcels at a point used as an exit from the premises. As we there said (p. 130): "The pavement on which the accident occurred was part of

the driveway leading out of the yard 'A'." An examination of the paper books confirms this statement for it there clearly appears that there was not any driveway separate and apart from the land leased but there was a mere exit from those premises onto a public street. In that case the jury found as a fact that the use of the driveway was exclusively in the lessee. Notwithstanding that fact the court below entered judgment n. o. v. against the defendant landlord and we reversed. The facts in the two cases are not parallel. The circumstances in the *Merchant & Evans* case showed an intention to make the grant exclusive just as clearly as the circumstances here show a contrary intention.

Judgment affirmed.