**TEXAS CO. et al. v. GRANT.**

No. 13489.

Court of Civil Appeals of Texas. Dallas.

March 10, 1944.

Rehearing Denied April 14, 1944.

Wm. E. Loose, of Houston; Kennemer & Armstrong, James H. Walker, and M. B. Solomon, all of Dallas, and Black, Graves & Stayton, of Austin, for appellants.

John W. West and W. H. Hall, both of Dallas, for appellee.

BOND, Chief Justice.

This appeal is from a judgment in appellee's favor, against appellants, for damages sustained while walking along an inclined or sloping sidewalk which had been constructed by abutting property owners. The sidewalk was so constructed for the purpose of ingress and egress in carrying on the business of a Texaco filling station located on abutting property. Neither the City of Dallas nor the property owner was made party defendant, the suit being between appellee and tenants of the owner. The Texas Company owned the service equipment at the station, and held lease contract for the premises. Rex C. Redman and J. R. Redman held possession of and operated the service station under sublease contract from the Texas Company, paid rents to the Texas Company, and the Company, in turn, paid rents to the owner. The Redmans were under contract to sell, and were selling the Texas Company's products through the station, and the Texas Company, under contract to deliver the products, was using the sidewalk in its deliveries. Customers entering and departing from the service station necessarily had to drive their cars over the inclined sidewalk.

Appellee, at the time he sustained injuries, slipped on an oily or greasy spot which, in some unexplained manner, was on the sidewalk; the accident occurring about 9 o'clock at night. The service station was closed at the time, and there is no evidence that either party to this suit knew, or had occasion to know prior to the accident, that the oily or greasy spot existed. There is evidence, however, that operatives of the service station, on many occasions prior to the accident, had used the sidewalk in greasing and otherwise servicing automobiles, and that the Texas Company had used it in delivering gasoline to the station. The jury found: (1) That on the occasion of appellee's injury, there was oil, grease or a slippery substance on the sloping sidewalk in question; (2) that appellee stepped upon the substance and fell to the sidewalk, sustaining personal injuries; (3) that appellant Redman Bros. and the Texas Company each made special use of the sloping sidewalk in the operation of the filling station; (4) that the presence of oil, grease or slippery sub-stance on the sidewalk caused a hazardous, unsafe condition; (5) that appellee's injuries were not the result of an unavoidable accident; (6) that appellee was not guilty of negligence in walking upon the slippery sidewalk, or in stepping upon the oily or greasy substance, or in failing to keep a proper lookout; and (7) that appellee suffered damages in the sum of $638 on account of such injuries. On the state of the record and findings of the jury, the court entered the judgment.

Appellee predicated his right of recovery upon two ordinances of the City of Dallas: (1) Art. 144–6, making abutting property owners or persons enjoying the use of any property abutting on a sidewalk that has become defective, primarily liable for damages for any loss or damage sustained as the result of such defective condition; and the other, Art. 144–7, making it the duty of any property owner, person, firm or corporation making special use of any sidewalk for purpose of ingress and egress, or for any special personal use, to keep such sidewalk in good and safe condition, free from any defects or hazards of whatever kind and character. These ordinances were made penal in nature (Art. 144–9): Failing to keep such sidewalk in safe condition, free from hazards and defects, subjects a person violating same to a fine, and in addition thereto, makes such person primarily liable for any loss or damage resulting therefrom. Hence, it will be seen that appellants' liability was not predicated solely upon the common law.

The authorities are uniform in support of the proposition that sidewalks in a city are a part of the streets, and that the duty to exercise ordinary care to maintain them in a reasonably safe condition for the use of the public rests primarily upon the city; and that an abutting property owner owes no duty in that regard. Adams v. Grapotte, Tex.Civ.App., 69 S.W.2d 460; Grapotte v. Adams, Tex. Sup., 111 S.W.2d 690, and authorities cited. Liability at common law also rests upon persons who create an unsafe or hazardous condition in a street or on a sidewalk, causing loss or damage to the public; and upon abutting property owners or persons who, knowing its condition, employ such hazardous sidewalk for their special use. The mere passage of an ordinance by a city, permitting the construction under its supervision, of a hazard on a street or sidewalk, and attempting to shift the

city's responsibility in regard thereto, making the abutting property owners or persons using such sidewalk primarily liable, is ineffectual in so far as relieving the city of its duty and consequent liability. The placing of the duty and primary liability upon abutting property owners and all persons, firms or corporations using the city's property (streets and sidewalks) for special purposes of their own, to keep such streets and sidewalks in reasonably safe condition, is the consideration precedent for the special privilege granted. Therefore, all loss or damage to the public, as the result of defects and hazards on such sidewalks, is imposed by the ordinances prima facie upon such property owners or persons using the street or sidewalk for their special benefit.

It will be seen from the record that the inclined or sloping sidewalk was constructed under authority of the City; it was specially contrived to serve as an approach to the service station on the abutting property, and used by the owner and those holding under the owner in furtherance of the business. There is no question that the City of Dallas, a Home Rule City, had authority and power to license and regulate construction of such sidewalks and pass the ordinances in reference thereto. The ordinances are regulatory measures, licensing, regulating and controlling the use of sidewalks designed for special purposes, to protect the public for loss or damage on account thereof. It may also be said that in a measure, its provisions protect the City, in that, it makes the one to whom the privilege is granted the primary obligor for such loss or damage. We are of the opinion that the sidewalk in question is an unsafe and hazardous obstruction; and the special use of it by appellants in the conduct of their business is an appropriation of City property for private use. Under these circumstances it could reasonably have been foreseen, as a matter of law, that oil, grease and other slippery substances would fall upon the inclined walk and become dangerous, especially to the unsuspecting public. This danger exists both by day and by night, particularly by night, and its encroachment upon the free and full use of the sidewalk creates a nuisance per se; hence the general rule that proof of negligence is essential to imposition of liability is not applicable. "A nuisance does not rest on the degree of care used, but on the degree of danger * * * existing even with the best of care." 31 T.J. p. 421, § 11.

From the provisions of the ordinances, it is clear that the City of Dallas did not intend to legalize a nuisance or relieve itself of liability; but to safeguard the public by imposing the fine for abuse of the privilege granted, and, in addition, to protect the City's liability. "The duty of keeping its streets [and sidewalks] in condition for use is an absolute duty that the city cannot delegate to others and thereby excuse itself. When it grants permission to another party to place an obstruction in its streets, it must take notice of the nature and character of obstruction so placed and the manner in which it is maintained, and see to it that it does not make the street unsafe for use by the public. If this were not so, the city could, by granting permits to occupy its streets, relieve itself entirely of the duty it owes the public; and we do not know of any authority that would countenance a doctrine like this." Gnau v. Ackerman, 166 Ky. 258–265, 179 S.W. 217, 221. Also, see Radford Grocery Co. v. City of Abilene, Tex.Civ.App., 20 S.W.2d 255; Sitas v. City of San Angelo, Tex.Civ.App., 177 S.W.2d 85. However true this may be, the City undoubtedly had authority and power to impose the primary liability upon such person who voluntarily accepts the responsibility by constructing and maintaining the specially designed sidewalk. Appellants, having assumed this responsibility, were duty bound to see that the sidewalk was free from oil, grease and slippery substances. Evidently, oil, grease and many other slippery substances, on an inclined or sloping sidewalk, would cause a dangerous or hazardous condition; and, as found by the jury, such having caused appellee's injuries, we see no error in the trial court's refusal of appellants' motions for judgment and judgment non obstante veredicto. All assignments of error are overruled; judgment is affirmed.

Affirmed.