Mary Florience JOHNSON, Appellant,

v.

GULF REFINING COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Rehearing Denied Feb. 8, 1957.

Theodore Wurmser, Louisville, for appellant.

Stites, Wood, Helm & Peabody, Davis & Mahan, Louisville, for appellees.

MILLIKEN, Chief Justice.

Appellant Mary Florience Johnson, filed this action in the Jefferson Circuit Court against Lorin John Rudolph and the Gulf Refining Company, lessee and owner, respectively, of a gasoline filling station located at the southeast corner of Eighteenth and Oak Streets in Louisville, Kentucky. Her claim is for injuries suffered in a fall in the filling station driveway. She has appealed from a judgment entered on a jury verdict after the court had peremptorily instructed the jury to find for the defendants, appellees on this appeal.

At the trial appellant testified that on the 9th day of February, 1953, at about 8:30 p. m., she alighted from an eastbound Oak Street city bus at the corner of Eighteenth and Oak Streets. Three or four persons got off the bus ahead of her. As she stepped off the bus she took one step and stumbled over some asphalt. She said, " There was a lump of asphalt rolled up on the concrete." There were people waiting to get on the bus as she got off, and she says that for that reason she did not see the lump of asphalt. Also, it was nighttime, although there was light from the street light and filling station lights.

There is no curb on Oak Street at the corner of Eighteenth at the place designated as the bus stop. The curb has been cut away to make a driveway into the filling station and bus passengers alight directly onto the driveway. Some time, possibly two years, prior to appellant's mishap, Oak Street had been resurfaced with asphalt. During hot summer months cars driving into the filling station for service apparently carried on their tires portions of the asphalt, tar and gravel, and deposited it on the filling station driveway.

Rudolph, the lessee of the station, testified that in the autumn of 1952, several months prior to appellant's accident, he had used a shovel to scrape the asphalt from the driveway, but he said he did so for cleanliness, not because he saw any danger in it. He stated that since he had cleaned the driveway not much asphalt could have accumulated on it because he was never bothered with the asphalt spreading during the cool months.

Counsel for appellant asserts in his brief that the trial judge, in sustaining the appellees' motion for a peremptory instruction or directed verdict, did so on the theory that there was no servitude in the use of the sidewalk by the filling station, and that therefore there was no duty on the part of the appellees to keep the sidewalk-driveway clear of obstructions.

The trial judge in his judgment did not state the reason or reasons for his sustaining appellees' motion for a peremptory instruction. The following authorities indicate that a servitude is created when an abutting filling station owner or operator utilizes a driveway across the sidewalk as an access to the station, and that there may be a consequent duty on the part of the owner or operator to maintain the driveway safe for pedestrians using the sidewalk. Green v. Chotin, La.App., 159 So. 760, 761; Mays v. Gamarnick, 326 Mass. 139, 93 N.E. 2d 236; Cuddy v. Shell Petroleum Corp.,

Mo.App., 127 S.W.2d 24; Moore v. Monarch Gasoline & Oil Co., 225 Mo.App. 115, 35 S.W.2d 669; Graalum v. Radisson Ramp, Minn., 71 N.W.2d 904; Texas Co. v. Grant, Tex.Civ.App., 179 S.W.2d 1007; Magnolia Petroleum Co. v. Long, Tex.Civ.App., 51 S.W.2d 426, affirmed 126 Tex. 195, 86 S.W.2d 450, 451; Williams v. Kozlowski, 313 Pa. 219, 169 A. 148, 94 A.L.R. 536; Hagen v. Standard Oil Co. of Pennsylvania, 119 Pa. Super. 337, 181 A. 458, 459; Hague v. McHugh, 168 Wash. 575, 12 P.2d 748. See, also, Daly v. Mathews, 49 Cal.App.2d 545, 122 P.2d 81; Swenson v. LaShell, Colo., 195 P.2d 385; Massey v. Worth, 9 W.W.Harr. 211, 39 Del. 211, 197 A. 673; Bamberg v. Bryan's Wet Wash Laundry, 301 Mass. 122, 16 N.E.2d 653; Abar v. Ramsey Motor Service, 195 Minn. 597, 263 N.W. 917; Weigand v. American Stores Co., 346 Pa. 253, 29 A.2d 484; City of Philadelphia v. Merchant & Evans Co., 296 Pa. 126, 145 A. 706; Laurenson v. Newton, Tex.Civ.App., 25 S.W.2d 165; Basinger v. Standard Furniture Co., Utah, 220 P.2d 117. Cf. City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160.

■ However, the trial court's action in granting a peremptory instruction will be sustained if such instruction should have been given for any reason apparent from the record. Warren Deposit Bank v. Fidelity & Deposit Co. of Maryland, 116 Ky. 38, 74 S.W. 1111, 25 Ky.Law Rep. 289; Entwistle v. Carrier Conveyor Corp., Ky., 284 S.W.2d 820.

The appellant failed to identify with any exactitude the lump of asphalt upon which she said she tripped and fell. Her testimony at the trial contains no hint of the size or shape or specifications of the lump, and no indication of whether it was lying loose or was stuck to the sidewalk. She marked on a photograph the spot where she said the lump lay on the driveway, but the photograph, admitted without objection, was taken several months after the accident, and the lump, of course, does not appear in the picture. No witnesses to the accident testified in appellant's behalf, and there is no evidence of how long the alleged lump of asphalt had been on the driveway before the alleged accident so that appellees would be charged with notice of it.

■ Assuming that the appellees had adopted a servitude over the sidewalk by the elimination of the curb, they are only bound to maintain the servitude itself—the rolled or sloping portion of the sidewalk —so that it in itself will not become a nuisance. The fact that the sidewalk sloped to the street level was not the cause of the accident, but rather the alleged lump of asphalt situated on the slope. Unless the lump was known by the appellees to be there, or knowledge thereof reasonably could be imputed to them, there is no basis for liability on their part, for they are not insurers of the condition of the sidewalk. The evidence offered here does not establish actual knowledge nor justify the imputation of knowledge of the lump on the part of appellees, City of Newport v. Schmit, 191 Ky. 585, 231 S.W. 54, 25 Am.Jur., Highways, Sections 445, 446, and 447, so as to afford to appellees a reasonable opportunity to remedy the condition. Therefore, any verdict awarded appellant by a jury would necessarily have been based upon sheer speculation as to the negligence on the part of the appellees. Hollon v. Greyhound Corp., Ky., 272 S.W.2d 329, and cases cited therein.

The judgment is affirmed.